T.C. Memo. 2004-73

UNITED STATES TAX COURT

THOMAS C. JOHNSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3028-02L.                    Filed March 18, 2004.

    P filed a petition for judicial review pursuant to
secs. 6320 and 6330, I.R.C., in response to a
determination by R to leave in place a filed notice of
Federal tax lien for the 1995, 1996, and 1999 years.

    <u>Held</u>:  Because (1) P is not entitled to dispute
his underlying tax liabilities for 1995 and 1996, (2) P
does not dispute his underlying liability for 1999, and
(3) the record does not establish any abuse of
discretion by R, R's determination to proceed with
collection action is sustained.

Thomas C. Johnson, pro se.

<u>Horace Crump</u>, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.[1]  The issue for decision is whether respondent may proceed with collection as so determined.

### FINDINGS OF FACT

On November 12, 1998, respondent issued to petitioner separate notices of deficiency for the 1995 and 1996 tax years.[2] The notices reflected deficiencies of $1,123 and $3,518, for 1995 and 1996, respectively.  The adjustments were based, for both years, on disallowance of exemptions claimed by petitioner for his two children and, for 1996, on disallowance of the earned income credit and a change in filing status from head of household to single.  Petitioner and his wife, the children's mother, had separated in 1996.  Petitioner received these notices but did not file a petition for redetermination with the Tax Court.

Petitioner was diagnosed with end stage renal disease in August of 1999 and subsequently began kidney dialysis treatment.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code, as amended.

[2] A statutory notice of deficiency for 1995 that had previously been issued to petitioner on May 16, 1997, was returned to respondent unclaimed and is not germane to this proceeding.

During the period surrounding his marital separation and the onset of his illness, petitioner found it difficult to cope with his financial affairs. He did not file Federal income tax returns for 1997 or 1998. Petitioner then filed his 1999 return, which was posted at the Internal Revenue Service Center on May 29, 2000. The return reported a tax liability that was not fully paid either by withholdings or by any payment submitted with the return. Respondent made no adjustments to petitioner's 1999 reporting and accepted the return as filed.

Following assessments of petitioner's tax liabilities for 1995, 1996, and 1999, respondent on or about September 5, 2000, filed a notice of Federal tax lien with the Judge of Probate in Mobile County, Alabama. The notice of lien reflected a total unpaid balance of $7,235.61, comprising $1,726.20 for 1995, $4,361.32 for 1996, and $1,148.09 for 1999. Then, on September 8, 2000, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding the just-described lien.

Respondent on October 10, 2000, received from petitioner a Form 12153, Request for a Collection Due Process Hearing, with the following explanation of his disagreement with the lien: "12-31-95 and 12-31-96 is [sic] not correct. Would like to explain at the hearing or over the phone". Appeals Officer

Daniel L. Shirah (Mr. Shirah) thereafter sent petitioner a letter dated October 3, 2001, scheduling the requested conference.

A telephone conference between petitioner and Mr. Shirah was conducted on October 19, 2001. During the conference there ensued some discussion of collection alternatives, among other things, and after the conference Mr. Shirah sent to petitioner for his completion Form 656, Offer in Compromise, and Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Petitioner began filling out the documents but never submitted completed forms to respondent.

On January 10, 2002, respondent issued to petitioner the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining proposed collection action.[3] Petitioner on February 5, 2002, filed with the Tax Court an imperfect petition challenging the notice. The petition reflected that petitioner wished to have his case heard for two reasons; i.e., he was experiencing hardship due to the disability of end stage renal disease, and he had now found proof that his liability was too great.

Petitioner then filed an amended petition on March 6, 2002, consisting of 11 handwritten pages explaining his circumstances. He indicated therein that the tax years involved were 1995

_____

[3] We note that the notice of determination refers in apparent error to "levy", rather than "lien", action.

through 1999 and concluded the amended petition with the

following statement:

> I also feel that my actual tax bill should be
>     1995--204 possible
>     1996--2400 + reasonable penalties
>     1997--500 + reasonable penalties
>     1998--700 + reasonable penalties
>     1999--1100 + reasonable penalties
>          $4900
>
> I beg the court to have mercy on me and waive this my
> entire tax bill and remove the lein [sic] on my credit
> record.  I'm sorry and plan to never again let this
> happen.  [reproduced without certain handwritten
> punctuating or graphical markings]

At the time the petition and the amended petition were filed,

petitioner resided in the State of Alabama.

On May 6, 2002, respondent moved to dismiss for lack of

jurisdiction and to strike insofar as the case related to 1997

and 1998, on the ground that no determination concerning

collection action(s) had been made for those years.  This motion

was granted, and respondent thereafter answered the petition as

it related to 1995, 1996, and 1999.

On August 22, 2003, respondent filed a motion for summary

judgment, which was calendared for hearing at the Court's October

20, 2003, Mobile, Alabama, trial session.  Both parties appeared

and were heard, and the motion for summary judgment was taken

under advisement.  However, because the Court at that time also

advised that it appeared unlikely that the motion would be

granted in its entirety, the parties proceeded to try the case on

the merits. In these circumstances, the Court shall now deny respondent's motion for summary judgment as moot.

OPINION

I. Collection Actions--General Rules

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability after demand for payment. The lien generally arises at the time assessment is made. Sec. 6322. Section 6323, however, provides that such lien shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary files a notice of lien with the appropriate public officials. Section 6320 then sets forth procedures applicable to afford protections for taxpayers in lien situations.

Section 6320(a)(1) establishes the requirement that the Secretary notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323. This notice required by section 6320 must be sent not more than 5 business days after the notice of tax lien is filed and must advise the taxpayer of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals. Sec. 6320(a)(2) and (3). Section 6320(b) and (c) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer,

generally to be conducted in accordance with the procedures described in section 6330(c), (d), and (e).

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows

the taxpayer to seek judicial review in the Tax Court or, depending upon the circumstances, a U.S. District Court. In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

## II. Challenges to Underlying Liabilities

As indicated in the above quotation of section 6330(c)(2)(B), challenges to the underlying tax liability may be raised only where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to dispute such liability.

### A. 1995 and 1996

With respect to 1995 and 1996, petitioner conceded to Mr. Shirah during his Appeals Office hearing that he had received the notices of deficiency issued by respondent. Thus, regardless of the validity of the arguments submitted by petitioner in his petition and amended petition concerning the adjustments made by respondent to his 1995 and 1996 returns, he is precluded from raising those disputes in this proceeding. The Court concludes

that petitioner may not challenge his underlying tax liabilities for 1995 and 1996.

B. 1999

With respect to the 1999 year, the unpaid balance of $1,148.09 is based on the tax liability self-reported by petitioner on his filed return. Petitioner in his amended petition indicated that he believed his liability for 1999 should be $1,100. At trial, however, petitioner explained that he had just rounded the figure in preparing the amended petition and did agree to the $1,148.09 amount. Therefore, while section 6330(c)(2)(B) does not preclude taxpayers from challenging self-reported liabilities, Montgomery v. Commissioner, 122 T.C. ___, ___ (2004) (slip op. at 14), it is clear that petitioner does not propose to do so here.

III. Review for Abuse of Discretion

In light of our conclusions supra regarding challenges to the underlying liabilities, disposition of this case rests upon whether the record reflects an abuse of discretion on the part of respondent in determining to proceed with collection efforts in the form of a filed lien. Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The Court considers whether the Commissioner committed an abuse of discretion in rejecting a taxpayer's

position with respect to any relevant issues, including those items enumerated in section 6330(c)(2)(A); i.e., spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives.

Here, petitioner apparently expressed interest in an offer in compromise. Section 7122(a), as pertinent here, authorizes the Secretary to compromise any civil case arising under the internal revenue laws. Regulations promulgated under section 7122 set forth three grounds for compromise of a liability: (1) Doubt as to liability, (2) doubt as to collectibility, or (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proceed. & Admin. Regs.[4] With respect to the third listed ground, a compromise may be entered to promote effective tax administration where: (1)(a) Collection of the full liability would cause economic hardship; or (b) exceptional circumstances exist such that collection of the full liability would undermine

---

[4] Sec. 301.7122-1, Proceed. & Admin. Regs., contains an effective date provision stating that the section applies to offers in compromise pending on or submitted on or after July 18, 2002. Sec. 301.7122-1(k), Proceed. & Admin. Regs. Previous temporary regulations by their terms apply to offers in compromise submitted on or after July 21, 1999, through July 19, 2002. Sec. 301.7122-1T(j), Temporary Proceed. & Admin. Regs., 64 Fed. Reg. 39027 (July 21, 1999). Because the final and temporary regulations do not differ materially in substance in any way relevant here, and for purposes of simplicity and convenience, the final regulations will be cited. We further note that temporary regulations are entitled to the same weight and binding effect as final regulations. Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).

public confidence that the tax laws are being administered in a fair and equitable manner; and (2) compromise will not undermine compliance by taxpayers with the tax laws. Sec. 301.7122-1(b)(3), Proced. & Admin. Regs.

To enable the Commissioner to evaluate a taxpayer's qualification for an offer in compromise, and particularly in the face of allegations of economic hardship, the taxpayer must submit complete financial data. Petitioner, however, has admitted that he never supplied a completed Form 656 or 433-A to respondent. Hence, although the Court is sympathetic to the economic difficulties brought on by petitioner's marital separation and medical condition, it cannot be said that respondent acted arbitrarily or capriciously in determining to leave in place the filed lien when petitioner submitted no offer in compromise or documentation of his financial circumstances.

Petitioner at trial communicated an interest in pursuing an offer in compromise on a prospective basis, and the Court would encourage these efforts. Nonetheless, as of the January 10, 2002, date of the notice of determination, the record does not reveal any abuse of discretion on the part of respondent. We shall sustain respondent's collection efforts in the form of a filed Federal tax lien.

To reflect the foregoing,

<u>An appropriate order</u>
<u>denying respondent's motion</u>
<u>for summary judgment and</u>
<u>decision for respondent will</u>
<u>be entered</u>.